IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PREDRAG FILIPOVIC** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-6128 |
| | : | |
| **GOVERNMENT EMPLOYEES** | : | |
| **INSURANCE COMPANY** | : | |
| *also known as* GEICO | : | |

_____

McHUGH, J.                                                  DECEMBER 17, 2020

**MEMORANDUM**

      This action arises out of a minor collision in the parking lot of an automobile dealer. The only objectively quantifiable damages in the case amount to approximately $4000. *See* Def.'s Notice Removal Ex. A. ¶ 27, ECF No. 1. It bears mention that the Plaintiff in this action is a lawyer representing himself, which has relevance because in the Court's experience, such claims are often litigated over matters of "principle" rather than matters of "principal and interest."

      The crux of the case is that Plaintiff was involved in a collision that he did not believe was his fault. Over his objection, his insurance carrier, the Defendant here, assumed liability for the claim and paid a modest settlement to the car dealer whose employee was involved in the collision. *Id.* ¶ 28. Plaintiff then proceeded to bring his own case in small claims court in Philadelphia and settled it for virtually the same amount. *Id.* ¶ 31. He followed with this action asserting a multitude of claims, including breach of contract, bad faith, violations of the Pennsylvania Unfair Trade Practice and Consumer Protection Law ("UTPCPL"), tortious interference with prospective business relations, and common law fraud.

      The carrier removed the case to federal court, asserting diversity jurisdiction. Following an initial review of the complaint, exercising its inherent authority to consider the existence of

subject matter jurisdiction, the Court entered a rule to show cause on Defendant to set forth facts supporting its position that this case meets the jurisdictional threshold for amount in controversy. *See* ECF No. 2.

There is some uncertainty as to whether the traditional "legal certainty" standard governs such issues, or whether the "preponderance of the evidence" standard under 28 U.S.C. § 1146 (c)(2)(B) applies. *See Sciarrino v. State Farm,* No. 20-2930, 2020 WL 4470611, *5 (E.D. Pa. Aug. 4, 2020) (Marston J.). I need not grapple with that question, because I am persuaded that remand is required under either standard.

"The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 403 (3d Cir. 2004). An objective analysis does not support federal jurisdiction. Defendant points to a claim for punitive damages. *See* Def.'s Resp. Show Cause 3, ECF No. 5. Even if one assumes an award that is 10 times the economic loss, the value of the case rises only to $44,000. Defendant then raises the spectre of treble damages under the UTPCPL, whereupon the claim might rise to the level of $56,000. *Id.* at 2. Plaintiff asserts various other vaguely defined losses, to include a potential rise in premiums for some unspecified period of time, but even considering those, and the possibility of an award of counsel fees, I am convinced that viewed realistically, the value of this claim will never rise to the jurisdictional threshold.[1]

Consequently, this Court lacks jurisdiction, and an order of remand will be issued.

                                                                                                        /s/ Gerald Austin McHugh
                                                                                                         United States District Judge

---

[1] Plaintiff filed a motion to remand as the Court was about to file this Memorandum and Order. ECF. 6. There is no need to consider the motion given my independent assessment of jurisdiction.